IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KELLIE A. PEARSON                                          PLAINTIFF

        v.                CIVIL NO. 2:18-cv-02027-MEF

NANCY A. BERRYHILL, Acting Commissioner              DEFENDANT
Social Security Administration

## MEMORANDUM OPINION AND ORDER

Defendant, Acting Commissioner of the Social Security Administration, filed a motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because Plaintiff failed to exhaust her administrative remedies.  (ECF No. 15).

I.    **Procedural History:**

Plaintiff, Kellie A. Pearson, filed an application for disability insurance benefits (DIB) on July 17, 2015.  (ECF No. 15-1, p. 8).  The claim was denied initially on February 8, 2016, and upon reconsideration on June 24, 2016.  *Id.*  Following an administrative hearing, an Administrative Law Judge ("ALJ") denied Plaintiff's application for benefits in a decision dated November 25, 2016.  (ECF No. 15-1, p. 18).  Ten months later, on September 22, 2017, Plaintiff requested review of the ALJ's decision by the Appeals Council ("AC"), alleging she had been in the hospital recuperating from surgery.  (ECF No. 15-1, p. 23-24).  On October 2 and again on November 2, 2017, the AC sent a letter to Plaintiff acknowledging that the request was late and asking her to provide medical records documenting her surgery and recuperation.  (ECF No. 15-1, pp. 26-27, 30-31).  On December 12, 2017, the AC dismissed Plaintiff's request for review, finding no good cause to extend the time for filing because her spinal surgery had taken place

approximately one month after the ALJ's decision.  (ECF No. 15-1, pp. 34, 37-38).  On February

12, 2018, the Plaintiff filed her complaint with the Court.  (EFC No. 1).

## II.    Applicable Law:

Federal courts have jurisdiction over social security claims under 42 U.S.C. § 405(g),

which permits judicial review of a final decision of the Social Security Commissioner.  The

Commissioner's decision is not final unless the claimant has presented a claim for benefits to the

commissioner and has exhausted the prescribed administrative remedies before seeking judicial

review.  *See Sipp v. Astrue*, 641 F.3d 975, 979-980 (8th Cir. 2011) (citing *Schoolcraft v. Sullivan,*

971 F.2d 81, 84–85 (8th Cir.1992)).  The presentation requirement must be met in every case, and

a Plaintiff's failure to present a claim to the commissioner divests federal courts of jurisdiction.

*Mathews v. Eldridge,* 424 U.S. 319, 328, (1976).  "The administrative exhaustion requirement can

however be excused, either by consent of the Commissioner or in exceptional circumstances by

the court," neither of which are implicated in this case.  *See Sipp*, 641 F.3d at 980 (citing

*Schoolcraft,* 971 F.2d at 85 & n. 7).

## III.    Discussion:

The Defendant filed a motion to dismiss for failure to exhaust administrative remedies.

(ECF No. 15).  In support of their motion, they attached the declaration of Cristina Prelle, Chief

of Court Case Preparation and Review for the Office of Appellate Operations.  (ECF No. 15-1, p.

2).  Ms. Prelle recites the procedural history of the case, as laid out above.  Plaintiff has not filed

a response to the motion.

After reviewing the arguments and evidence presented, the Court concludes that Plaintiff

failed to exhaust her administrative remedies.  It is clear from the evidence that her request for

review was untimely, and it was ultimately dismissed by the AC for failure to provide evidence of good cause to excuse said untimeliness.

Accordingly, this court does not have jurisdiction over the matter. The case will be dismissed without prejudice.

**IV.**     <u>**Conclusion**</u>**:**

For the reasons stated above, the Defendant's Motion to Dismiss (ECF No. 15) is **GRANTED**. A Judgment of dismissal without prejudice will be entered contemporaneously.

DATED this 18th day of June 2018.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE